In the Matter of EDWARD L. LUKASHOK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 2, 1983

### APPEARANCES OF COUNSEL

*Joseph Rosenberg* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Ronald G. Russo* of counsel (*Russo Silverman & Vitaliano,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee, moves to confirm the findings and opinion of the hearing panel which, following a hearing, recommended that respondent, who had pleaded guilty to a misdemeanor, should be censured.

Respondent was admitted to practice in this department in 1967 and has maintained an office for the practice of law within this department. On September 9, 1982, respondent pleaded guilty to a misdemeanor charging him with a

violation of subdivision 1 of section 352-c of the General Business Law, which constituted a crime under the terms of section 90 (subd 4, par d) of the Judiciary Law. Upon entry of the plea, respondent was sentenced to a conditional discharge and was fined $1,000. By order entered February 8, 1983, pursuant to section 90 (subd 4, pars f, g) of the Judiciary Law this court suspended respondent, denied his motion for a stay of automatic suspension and appointed the committee to take testimony and report to the court.

Hearings were held on February 23 and 25, 1983, at which respondent asserted that he had no intention to defraud but that he foolishly failed to obtain necessary authorization to sign the names of his clients and that he intended to correct the error at a later time.

We take into account the fact that respondent's conduct was an isolated event in an otherwise unblemished 15-year professional career. We agree with the hearing panel that respondent has suffered severe humiliation and personal anguish as a result of the matter. As evidence of contrition, it appears that, upon entry of his guilty plea, respondent withdrew from any further participation in the preparation or filing of co-operative offering plans and had no further contact with the Real Estate Financing Bureau of the Department of Law, thus imposing upon himself what amounted to a suspension from most of his real estate practice. In further mitigation, we take cognizance of the fact that the within charge was the only allegation of professional misconduct alleged against respondent and, the record reflects that the within proceedings have had adverse consequences upon his professional and personal life. The effect of respondent's self-imposed suspension and our order of February 8, 1983, denying his motion to stay his suspension pursuant to section 90 (subd 4, par f) of the Judiciary Law, has resulted in a suspension of over seven months.

Accordingly, the findings of fact and conclusions of petitioner's hearing panel should be confirmed to the extent of finding that respondent's plea of guilty to a misdemeanor charging him with a violation of subdivision 1 of section 352-c of the General Business Law warrants disciplinary

action. In our view, the proper sanction in this proceeding is that respondent should be suspended for a period of three months from the date of our order of February 8, 1983. That period having now expired and there appearing to be no reason not to reinstate him, respondent is reinstated as an attorney and counselor at law.

MURPHY, P. J., ROSS, SILVERMAN, FEIN and KASSAL, JJ., concur.

Motion to confirm referee's report granted, *inter alia,* to the extent of suspending respondent from practice as an attorney and counselor at law in the State of New York for a period of three months effective as of February 8, 1983; said period having expired, respondent is reinstated to such practice.